1  CHARLES G. SMITH, State Bar No. 116242
     *charlie@CharlesGSmithLaw.com*
2  DANA M. SILVA, State Bar No. 271920
     *dana@CharlesGSmithLaw.com*
3  LAW OFFICES OF CHARLES G. SMITH, APC
   15303 Ventura Boulevard, Suite 1650
4  Sherman Oaks, California 91403-6620
   Telephone: 310-401-1370
5  Facsimile: 818-382-3433

6  Attorneys for Plaintiffs Willie H. Goffney,
   Jr., M.D. and Advanced Surgical
7  Associates Medical Office, Inc.

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  WILLIE H. GOFFNEY, JR., M.D., an          Case No. 2:17-cv-8032
    individual, and ADVANCED
12  SURGICAL ASSOCIATES MEDICAL         **COMPLAINT FOR RELIEF**
    OFFICE, INC., a California           **UNDER THE MEDICARE ACT**
13  corporation,
                                         **REQUEST FOR TRIAL BY JURY**
14              Plaintiffs,

15      v.

16  ERIC D. HARGAN, Deputy and Acting
    Secretary of the United States
17  Department of Health and Human
    Services, in his official capacity,
18
                Defendant and Real Party
19              in Interest.

20

21        Plaintiffs Willie H. Goffney, Jr., M.D., an individual, ("Dr. Goffney") and

22  Advanced Surgical Associates Medical Office, Inc., a California corporation,

23  ("ASAMO") (collectively, "Plaintiffs") hereby allege the following complaint

24  against Defendant and Real Party in Interest Eric D. Hargan, Deputy and Acting

25  Secretary of the United States Department of Health and Human Services

26  ("Defendant") as follows:

27  / / /

28  / / /

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

## JURISDICTION (Local Rule 8-1)

1.      Pursuant to United States District Court, Central District of California Local Rule 8-1, this Court has original jurisdiction of this action:  (a) under 28 U.S.C. § 1331 because the action arises under the laws of the United States and (b) under 28 U.S.C. § 1346(a)(2) because the action is against United States founded upon an Act of Congress and/or a regulation of an executive department. Specifically, the instant case involves a request to review and correct an administrative mistake made by the Secretary of the United States Department of Health and Human Services ("HHS"), through the Departmental Appeals Board ("DAB," or the "Board").  This Court has jurisdiction to review final decisions of the Secretary of the HHS pursuant to 42 U.S.C. §§ 1395cc(h)(1)(A) and 405(g). Plaintiffs are also entitled to relief in this matter pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*, including without limitation 5 U.S.C. § 704.

## INTRODUCTION.

2.      The instant case involves a request to correct an administrative mistake made by the Secretary of HHS, through the Board, Docket Number A-16-121.  Dr. Goffney is a licensed physician who has been a Medicare supplier since 1991. ASAMO is a corporation that became an approved provider/supplier under Medicare in 1991.[1]  Plaintiffs properly applied for re-validation as a Medicare provider/supplier, as required.  Yet, instead of approving Plaintiffs' re-validation application, the HHS erroneously treated Plaintiffs' re-validation application as a *new enrollment* application.  The difference is significant.  If Plaintiffs' application is treated as a new enrollment, Plaintiffs would not be able to recover reimbursements for professional medical services that Plaintiffs rendered prior to the

---

[1] Dr. Goffney is the sole provider of services that ASAMO submitted to Medicare for reimbursement.

1   date of the "new" application.  Unless this Court corrects this error, Plaintiffs will be

2   deprived of recovering reimbursements for professional medical services that Dr.

3   Goffney provided between 2003 and 2015, estimated to be $3,000,000.

4                    **BACKGROUND AND JURISDICTIONAL FACTS.**

5          3.     In or about April 2006, new laws and regulations required HHS to

6   notify all existing providers and suppliers to re-validate their Medicare

7   provider/supplier accounts through a rolling phase-in process.  The HHS never

8   notified Plaintiffs to re-validate.  Nevertheless, on or about August 28, 2015,

9   Plaintiffs filed a re-validation application using the proper and required form.

10         4.     Noridian Healthcare Solutions ("NHS"), a Medicare Administrative

11  Contractor for Center for Medicare and Medicaid Services ("CMS"), approved

12  Plaintiffs' application in October 2015 and communicated its action through a letter

13  to Plaintiffs dated October 2, 2015.  However, NHS mistakenly processed Plaintiffs'

14  application as a *new* enrollment application rather than a re-validation.  The effect of

15  NHS's action was that NHS would not accept requests for reimbursement of

16  services occurring prior to August 2015.  As a practical matter, the difference to

17  Plaintiff is enormous; Plaintiffs have more than ten years' worth of unreimbursed

18  services from 2003 to 2015 totaling around $3,000,000.

19         5.     In December 2015, Plaintiffs attempted to correct NHS's error by

20  seeking a reconsideration of NHS's decision.  The NHS, though, denied Plaintiffs'

21  request for reconsideration.  Plaintiffs subsequently sought a hearing before an

22  Administrative Law Judge ("ALJ") in a further attempt to correct NHS's mistake.

23  The ALJ, however, declined to fix the error.  Accordingly, Plaintiffs sought review

24  of the ALJ's decision before the Board.  However, the Board sustained the ruling of

25  the ALJ.

26         6.     By the actions described in paragraph 5, *supra*, Plaintiffs have

27  exhausted all of their administrative remedies.  By this civil action, Plaintiffs are

28  seeking judicial review and remand of the Board's final decision, Docket #A-16-

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

121, which sustained an ALJ decision that affirmed a ruling by CMS's contractor, NHS, which set August 2015 as the effective date for Plaintiffs' enrollment and billing in the Medicare program.  Specifically, Plaintiffs are seeking an Order remanding this matter to the Administrator or Deputy Administrator of the CMS (the "Administrator") with instructions to process Plaintiffs' Medicare re-validation application with an appropriate effective date of September 1991 and an Order remanding this matter to the Administrator with instructions to recognize Plaintiffs' right to submit claims for Medicare reimbursement retroactively, regarding services provided on or after January 1, 2003, and with instructions directing the Administrator to recognize and process these claims notwithstanding any time limits, including but not limited to any exceptions set forth in 42 C.F.R. § 424.44.

7.     Further, on or about October 11, 2017, the Board, pursuant to 42 C.F.R. § 498.95(a, c) [52 FR 22446, June 12, 1987], expressly granted Plaintiffs a 60-day extension of time from September 15, 2017, *i.e.*, **until November 14, 2017**, to commence a civil action seeking judicial review of the Board's action.  A true and correct copy of the Board's order dated October 11, 2017 allowing this action to be commenced by November 14, 2017, is attached hereto as **Exhibit 1**.

8.     This civil action is timely because Plaintiffs filed this action prior to November 14, 2017.

9.     The total amount in controversy is well in excess of the jurisdictional minimum as the amount in controversy is approximately $3,000,000.

10.     Plaintiffs are entitled to the relief sought in this action pursuant to the Medicare Act, 42 U.S.C. § 405(g), and the APA, 5 U.S.C. §§ 551 *et seq.*, including without limitation 5 U.S.C. §§ 704 and 706.

## PARTIES

11.     Plaintiff Willie H. Goffney, Jr., M.D. is a Harvard-educated physician residing in the State of California, in the County of Los Angeles, and in the City of Long Beach.  At all times since obtaining his medical degree, he has been a

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

physician in good standing and has never been disciplined.  As a physician specializing in surgerical oncology, he has been a supplier of medical services under Medicare through ASAMO since 1991.

12.     Plaintiff Advanced Surgical Associates Medical Office, Inc. is a California corporation licensed to do business in the State of California with its principal place of business in the County of Los Angeles and the City of Long Beach with offices located at 3300 E. South Street, Suite, 201, Long Beach, CA 90805-4588.  On or about September 6, 1991, ASAMO successfully enrolled in the Medicare program and, since then, ASAMO has been a provider/supplier in Medicare.  Since September 6, 1991, ASAMO has been providing medical services through the Medicare program.  Dr. Goffney is the Medical Director of ASAMO and the sole supplier of services provided by ASAMO.

13.     Defendant Eric D. Hargan is the Deputy and Acting Secretary of HHS. In his capacity as Acting Secretary of HHS, Defendant is responsible for the conduct and policies of HHS, including the conduct and policies of the Board, the ALJs operating under the Board Civil Remedies Division, the CMS and its contractors, including but not limited to NHS and its successors.  Defendant is being sued in his official capacity.

**VENUE**

14.     Venue is proper in this district pursuant to 42 U.S.C. §405(g) and 28 U.S.C. § 1391 (e).

**MEDICARE PROGRAM ENROLLMENT AND**
**FACTS RELATED THERETO**

15.     A physician as a "supplier" of Medicare services, must be enrolled in the Medicare program in order to receive payment for items and services by Medicare.  42 C.F.R. § 424.505 [53 FR 6634, March 2, 1988].

16.     Dr. Goffney became enrolled, as a supplier, in the Medicare program on or about September 6, 1991.  Through ASAMO, Dr. Goffney has provided

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1    physician services for Medicare recipients continuously since his/its date of the

2    September 1991 enrollment in the program.

3        17.    In or about April 2006, new federal regulations entitled the Medicare

4    Program; Requirements for Providers and Suppliers to Establish and Maintain

5    Medicare Enrollment were promulgated.  *See* 42 C.F.R. Parts 420, 424 *et seq.* [71

6    FR 20776, Apr. 21, 2006, as amended at 74 FR 58134; Nov. 10, 2009; 77 FR 29030,

7    May 16, 2012].  The regulations became effective on or about June 20, 2006.

8        18.    The new regulations provided that Defendant was responsible for

9    sending written notices to all existing providers and suppliers to re-validate.  *Id*., 42

10   C.F.R. Parts 420, 424 [71 FR at 20764].  Re-validation of Medicare enrollment of

11   all current provider-supplier members of the Medicare program was to be

12   effectuated initially through a revalidation phase-in process, and then every five

13   years thereafter.  42 C.F.R. § 424.515. [71 FR 20776, Apr. 21, 2006, as amended at

14   76 FR 5963, Feb. 2, 2011; 79 FR 69775, Nov. 24, 2014].  *See* Medicare Program

15   Integrity Manual ("PIM") 15.24.5.  Further, 42 C.F.R. Parts 420, 424 [71 FR 20776,

16   20759 Apr. 21, 2006] provided that:

17           "In 424.515(b), we also proposed to require that a provider or

18           supplier must submit a CMS 855 with complete information for

19           revalidation within 60 days of our ***revalidation notification***"

20           (emphasis added).

21       19.    The re-validation phase-in notice process was supposed to take place

22   from 2006 to 2008.  However, CMS, as agent for Defendant, ***failed to ever send a***

23   ***written notice to either Dr. Goffney or ASAMO directing either or both of them to***

24   ***re-validate enrollment in the Medicare program***.  There is no evidence in the

25   record that CMS, the contractors, or anyone else acting on behalf of HHS or the

26   U.S. government ever sent a revalidation notification to Plaintiffs or either of them.

27   In prior proceedings, Defendant did not challenge Plaintiffs' allegations that

28

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel  310-401-1370  •  Fax 818-382-3433

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1   Defendant failed to send the required written notice to re-validate and that Plaintiffs

2   never received a notice to re-validate.

3        20.    Although CMS failed to send Plaintiffs the required revalidation

4   notification, Plaintiffs filed a re-validation application on their own.  On or about

5   August 28, 2015, Plaintiffs submitted the required form CMS 855I with attached

6   forms CMS 588, CMS-855R, and the IRS tax identification information.

7        21.    NHS, the CMS contractor working on behalf of Defendant, approved

8   Plaintiffs' re-validation application in October 2015.

9        22.    However, in mistakenly relying, in part, on sections of the agency's

10  internal PIM, which are inconsistent with the regulations, NHS processed Plaintiffs'

11  application as a new enrollment application rather than as a re-validation

12  application, and set an effective date for billing of August 2015.

13       23.    Plaintiffs timely requested reconsideration of the effective date for

14  billing.  NHS denied Plaintiffs' request and Plaintiffs appealed to an ALJ.  The ALJ

15  subsequently affirmed NHS's decision.  Plaintiffs then sought review of the ALJ

16  decision from the Board.  The Board, though, sustained the ruling of the ALJ.

17                              **COUNT ONE**

18   **Relief Under Medicare Act – An Order Compelling Defendant to Treat**

19          **Plaintiffs' Application as a Re-Validation Application.**

20       24.    Plaintiffs hereby incorporate by reference paragraphs 1 through 23

21  inclusive, as though fully set forth herein.

22       25.    Plaintiffs filed a Medicare supplier application in July 1991 and the

23  Medicare contractor approved the application on September 6, 1991.  Plaintiffs have

24  maintained their accounts in good standing since that date and the accounts have

25  never been revoked, suspended, or terminated.  *See* 42 C.F.R. § 424.535 [71 FR

26  20776, Apr. 21, 2006].

27       26.    A crucial error by Defendant occurred because the NHS, ALJ, and

28  Board mistakenly classified Plaintiffs' application as a "***de-activation/re-***

7

*activation*," rather than a "*re-validation*."  The distinction is crucial.  A de-activation and subsequent re-activation occurs when there has been a misuse or lack of use of a provider's billing number.  42 C.F.R. § 424.540.  Unlike a re-validation, the purpose of a re-activation is essentially to avoid fraud.  *See* 42 C.F.R. § 424.540(c) ("Deactivation of Medicare billing privileges is considered an action to protect the provider or supplier from misuse of its billing number and to protect the Medicare Trust Funds from unnecessary overpayments").  In the event of an abuse or misuse by the provider, it makes sense to de-activate the billing number and re-activate once the problem has been resolved.

27.     However, that situation has nothing to do with the present case, where the Plaintiffs have acted properly and been in good standing *at all times* since they first obtained their accounts in 1991.  There is simply no reason to punish Plaintiffs or cause them to be denied reimbursement for services rendered.  Since no misuse took place, the accounts did not have to be "*re-activated*"; instead, the accounts merely needed to be "*re-validated*."  For that reason, any reliance on regulations or internal policies concerning *re-activation* should never have been applied to this matter.

28.     Unfortunately and mistakenly, NHS did not understand the difference when it issued its October 2, 2015 decision.  Further, in a December 2015 reconsideration, NHS applied rules regarding *de-activation* and *re-activation*, stating

> "The provider was deactivated August 16, 2008 for non-billing. The application to *reactivate* the provider was received August 31, 2015 and given the effective date of August 31, 2015. According to the PIM 15.27.1.2 the effective date of a *reactivation* shall be the date the contractor receives the application" (emphasis added).

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

COMPLAINT FOR RELIEF UNDER THE MEDICARE ACT; REQUEST FOR TRIAL BY JURY

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

29.    Similarly, the ALJ's May 26, 2016 decision relied on rules for de-activation and re-activation.  The ALJ ruled that

> "The effective *reactivation* date of August 31, 2015 that the contractor assigned to Petitioner was the earliest possible effective date that Petitioner could have received inasmuch as the contractor received Petitioner's application for *reactivation* on that date" (emphasis added).

30.    Yet, even if Plaintiffs' accounts had to be "re-activated" rather than simply "re-validated," the effective date for billing privileges would not be August 31, 2015 because Plaintiffs' billing privileges began in 1991 and never stopped.  42 C.F.R. § 424.520(d) [73 FR 69940, Nov. 19, 2008, as amended at 75 FR 50418, Aug. 16, 2010; 79 FR 72531, Dec. 5, 2014] states:

> "The effective date for billing privileges for physicians, non physician practitioners, physician and non physician practitioner organizations, and ambulance suppliers is the later of
> (1) The date of filing of a Medicare enrollment application that was subsequently approved by a Medicare contractor; or
> (2) The date that the supplier first began furnishing services at a new practice location."

31.    In the case at bar, the date that Plaintiffs filed a Medicare enrollment application was in July 1991.  That application was subsequently approved on September 6, 1991.  In addition, Dr. Goffney has been furnishing services at his current practice location – the same practice location – since 1992.  Thus, pursuant 42 C.F.R. § 424.520(d), even if misuse or a lack of use had occurred and the billing privileges had to be "re-activated," *the effective reactivation date would be 1992, not 2015*.  The effective date of the reactivation of Plaintiffs' billing privileges is governed by 42 C.F.R. §424.*540(c)*, not by § 424.*520(d)*.  42 C.F.R. § 424.540(c) [71 FR 20776, Apr. 21, 2006, as amended at 74 FR 58134, Nov. 10, 2009; 77 FR

9

29030, May 16, 2012] makes it clear that a deactivation "does not have any effect upon the provider's or supplier's participation in Medicare."

32.     Defendant's determination, which relied on 42 C.F.R. § 424.520, in mistakenly setting August 31, 2015 as the effective date for billing for an application to re-validate enrollment in the Medicare program, is an error of law which is prejudicial to the Plaintiffs.

33.     Plaintiffs are substantially harmed, financially, by Defendant's determination to set the effective date for billing at August 2015, because by doing so, Plaintiffs lost their original effective date for billing of September 1991.  Since Plaintiffs have outstanding Medicare claims between 2003 and 2015, which have not been processed or paid by Defendant, Plaintiffs will be deprived of Medicare reimbursements for professional medical services rendered between 2003 and 2015 estimated at $3,000,000.

34.     Defendant's actions in misapplying 42 C.F.R. § 424.520, in treating Plaintiffs' re-validation application as a new application and setting an erroneous effective date for billing is an error of law as well as arbitrary, capricious, an abuse of discretion and not otherwise in accordance with law.  The Court should hold as unlawful and set aside Defendant's actions, findings, and conclusions.  5 U.S.C. § 706(2)(A).

35.     Defendant's actions in misapplying 42 C.F.R. § 424.520 in treating Plaintiffs' re-validation application as a new application and setting an erroneous effective date for billing is without observance of procedure required by law.  The Court should hold as unlawful and set aside the agency's actions, findings and conclusions.  5 U.S.C. § 706 (2)(D).

36.     Defendant's invalidation of Plaintiffs' original 1991 effective date of Medicare enrollment is contrary to established CMS regulations and guidance, and is therefore unlawful pursuant to 5 U.S.C. §§ 706(2)(A, D).

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

37.     NHS's, the ALJ's and the Board's failure to observe and comply with the Defendant's established regulations and guidance in invalidating Plaintiffs' original effective date of Medicare enrollment constitutes invalid agency action by HHS for failure to act in observance of procedure required by law, and is a violation of the Medicare statute and regulations as well as the APA, 5 U.S.C. §§ 706(2)(A, D).

38.     Under the APA, 5 U.S.C. §§ 701-706, courts must overturn agency action that is arbitrary, capricious, an abuse of discretion or not otherwise in accordance with the law.  This Court should therefore rule that Defendant's invalidation of Plaintiffs' original 1991 effective date of Medicare enrollment is not authorized under CMS's established guidelines; this Court also should issue an Order directing Defendant to restore Plaintiffs' appropriate September 1991 Medicare enrollment date.

## COUNT TWO

**Relief Under Medicare Act – Request For An Order That Defendant's Action Classifying Plaintiffs' Application as a Reactivation Request and Setting an August 2015 Effective Date of Plaintiffs' Accounts for Billing Was Unlawful.**

39.     Plaintiffs hereby incorporate by reference paragraphs 1 through 23 and 25 to 39, inclusive, as though fully set forth herein.

40.     On October 2, 2015, NHS, a CMS Medicare Administrative Contractor, gave notice to the Plaintiffs, in part stating "your ***initial*** Medicare enrollment application is approved" (emphasis added).  NHS treated Plaintiffs' Medicare application not as a re-validation application for his 1991 Medicare approval effective and billing date, but rather as an ***initial*** enrollment application with an effective date for billing of August 31, 2015.

41.     NHS's December 18, 2015 reconsideration notice, states that the decision of the agency was based, in part, on CMS's manual instructions,

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1   specifically PIM § 15.27.1.2, which directs that "the effective date of a ***reactivation***

2   shall be the date the contractor receives the application" (emphasis added).

3       42.    The Secretary's regulation, 42 C.F.R. § 424.540(c) [71 FR 20776, Apr.

4   21, 2006, as amended at 74 FR 58134, Nov. 10, 2009; 77 FR 29030, May 16, 2012]

5   states:

> 6   "(c)   Effect of deactivation.  Deactivation of Medicare billing
>
> 7   privileges is considered an action to protect the provider or
>
> 8   supplier from misuse of its billing number and to protect the
>
> 9   Medicare Trust Funds from unnecessary overpayments.  The
>
> 10   deactivation of Medicare billing privileges does not have any
>
> 11   effect on a provider or supplier's participation agreement or any
>
> 12   conditions of participation."

13       43.    The CMS manual policy at §15.27.1.2 and the Defendant's

14   interpretation of that policy is inconsistent with the Secretary's regulation.  Aside

15   from the fact that this issue in the CMS policy relates solely to a re-activation, not a

16   re-validation, CMS's internal PIM § 15.27.1.2 (2015) states that when a contractor

17   approves a supplier's reactivation application, "the reactivation effective date shall

18   be the date the contractor received the application . . . that was processed to

19   completion."

20       44.    The enforcement of CMS's internal manual policy at § 15.27.1.2, is

21   inconsistent with, and violates, 42 C.F.R. § 424.540(c).  That regulation provides

22   that de-activation "does not have any effect upon the provider's or supplier's

23   participation in Medicare."  Defendant's reliance on the § 15.27.1.2 manual policy,

24   effectively sets a new and much later, effective date for provider/suppliers who are

25   required to re-validate their Medicare enrollment after de-activation of Medicare

26   billing privileges.  The Defendant's reliance on an internal manual policy and any

27   other authority, which are both inconsistent with and contrary to the applicable

28   federal regulations, is arbitrary, capricious, an abuse of discretion, or otherwise not

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1  in accordance with law.  This Court should hold as unlawful and set aside these

2  agency actions, findings, and conclusions.  5 U.S.C. § 706 (2)(A).

3      45.    CMS's manual policy at § 15.27.1.2 (2015), is inconsistent with, and

4  violates, 42 C.F.R. § 424.540(c).  CMS's PIM § 15.27.1.2 (2015) states that when a

5  contractor approves a supplier's reactivation application, "the reactivation effective

6  date shall be the date the contractor received the application . . . that was processed

7  to completion."

8      46.    Contrary to the 2015 version of this policy, which directs the

9  assignment of an effective date for billing as the date the contractor approves a

10  supplier reactivation application, the 2013 version of that same policy provision, *i.e.*,

11  § 15.27.1.2 (2013), provided that the effective date of a re-validation would have

12  been the date of de-activation.  (In the instant case, since the provider's billing

13  privileges were never revoked, the applicable commencement date should be 1991,

14  not August 2015.  Under any measure, it would be many years earlier than August

15  2015.)

16      47.    While both policies must fail as they are inconsistent with the

17  applicable regulations, the stark difference between the 2013 and the 2015 manual

18  policy and the agency's change in its policy, particularly without a reasoned

19  explanation, is inexplicable.  However, had the Plaintiffs filed to re-validate his

20  application in 2013, instead of applying in 2015, the results would have been

21  manifestly beneficial to Plaintiffs.  Under the agency's 2013 policy, the Plaintiffs

22  would have unquestionably been entitled to an effective date for billing as of the

23  date of any purported deactivation in 2005 or 2008, as opposed to the much later

24  date of his re-validation application filing date in 2015.

25      48.    The Defendant's policy change between 2013 and 2015 was arbitrary

26  and capricious in contravention of APA standards for his failure to provide a

27  reasoned explanation for the change, and also because both policies are contrary to

28  the regulations.  5 U.S.C. § 706(2)(A); *F.C.C. v. Fox Television Stations, Inc.*, 556

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1  U.S. 502, 515 (2009) (the requirement that an agency must provide a reasoned

2  explanation for its action would ordinarily demand that it display awareness that it is

3  changing its position; the agency also must show that there are good reasons for the

4  new policy); *United States v. Nixon*, 418 U.S. 683, 696 (1974) ("an agency may not

5  . . . depart from a prior policy sub silentio or simply disregard rules that are still on

6  the books").

7        49.    The Defendant's 2015 internal policy (*i.e.*, PIM § 15.27.1.2) also

8  cannot be enforced because that policy is inconsistent with 42 C.F.R. § 424.540(c).

9  Interpretive rules do not have the force and effect of law and are not accorded

10  weight in the adjudicatory process.  *Perez v. Mortgage Bankers Ass'n*, __ U.S. ___,

11  ___, 135 S. Ct., 1199, 1204 (2015).

12        50.    NHS's, the ALJ's, and the Board's failure to observe and comply with

13  the Defendant's established regulations and guidance in invalidating Plaintiffs'

14  original effective date of Medicare enrollment constitutes invalid agency action for

15  failure to act in observance of procedure required by law, and is a violation of the

16  Medicare statute and regulations as well as the APA, 5 U.S.C. §§ 706(2)(A), (D).

17        51.    As a result of Defendant's reliance on policies which are contrary to the

18  regulations, and which have resulted in an invalidation of the Plaintiffs' original

19  Medicare enrollment billing date of September 1991, Plaintiffs are entitled to an

20  Order requiring CMS and its contractors to follow established CMS regulations and

21  guidance for the recognition of September 1991 as Plaintiffs' appropriate effective

22  date of Medicare enrollment.

23        52.    As a proximate cause of Defendant's unlawful actions, Plaintiffs have

24  suffered financial harm due to their inability to collect compensation for

25  professional medical services rendered to Medicare patients between 2003 to August

26  2015.

27  / / /

28  / / /

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

COMPLAINT FOR RELIEF UNDER THE MEDICARE ACT; REQUEST FOR TRIAL BY JURY

1

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

## COUNT THREE

### Relief Under Medicare Act – The Time Limit to Submit Claims Must Be Extended Retroactively

53.     Plaintiffs hereby incorporate by reference paragraphs 1 through 23, 25 to 39, and 41 to 53, inclusive, as though fully set forth herein.

54.     Plaintiffs were financially harmed by Defendant's failure to send a re-validation notification as required by law.  Had Plaintiffs received such notification, they would have timely submitted an application to re-validate their accounts during the initial re-validation phase-in period in 2006-2008.  Had Plaintiffs been notified, they would have, thereby, maintained their original 1991 effective date for billing Medicare.

55.     Having not been made aware of the new law requiring re-validation (because Plaintiffs were never notified by CMS, as required by law, of the requirement to re-validate their accounts), Plaintiffs attempted to timely submit multiple claims between 2003 and 2015.  However, none of Plaintiffs' claims were ever processed or paid because CMS had stopped processing all provider-supplier accounts pending written notice to providers and suppliers to re-validate.  CMS failed to send notice to Plaintiffs to re-validate their accounts.  Unaware of the need for re-validation, Plaintiffs continued to submit Medicare claims.  The claims were either not processed or returned to Plaintiffs by the then contractor for CMS with no accompanying explanation.

56.     Between January 2003 and August 2015, Plaintiffs provided physician's Medicare services as a provider/supplier for which they have not been compensated.  No claim has been processed or paid to Plaintiffs over the ten and one-half (10.5) year period from 2005 to 2015 (for services rendered between 2003 and 2015) for a total unpaid amount of $3,000.000.  All claims attempted to be filed during this period were not processed and were rejected by Defendant's agents.

COMPLAINT FOR RELIEF UNDER THE MEDICARE ACT; REQUEST FOR TRIAL BY JURY

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

57.     Pursuant to 42 C.F.R, § 424.44 (a) [53 FR 6634, Mar. 2, 1988, as amended at 65 FR 83153, Dec. 29, 2000; 73 FR 69939, Nov. 19, 2008; 75 FR 73627, Nov. 29, 2010] any failure to meet the deadlines for filing claims for the period between 2003 to 2015 was due to an error of the Medicare contractor or other agent of HHS acting within the scope of its authority.  42 C.F.R. § 424.44(b).  The error was the agency's failure to furnish Plaintiffs with the notice to re-validate their accounts as required by law.  Since any failure to meet the deadline for filing claims was occasioned by errors of the agents of the Defendant, the Court should issue an Order directing the Defendant to retroactively extend the time for Plaintiffs to submit claims from January 2003 to August 2015, the date Plaintiffs' re-validation application was approved.  The Court should further Order that the provisions at 42 C.F.R. § 424.44 (b)(5) do not apply.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Willie H. Goffney, M.D. and Advanced Surgical Associates Medical Office, Inc. respectfully pray for judgment against Defendant and Real Party in Interest Eric D. Hargan, Deputy and Acting Secretary of the United States Department of Health and Human Services as follows:

1.     For an Order declaring that any refusal by Defendant or anyone acting on Defendant's behalf to recognize September 1991 as Plaintiffs' appropriate effective date of Medicare enrollment is not authorized and is null and void and of no effect;

2.     For an Order declaring that it was arbitrary, capricious an abuse of discretion and not in accordance with applicable law for Defendant or anyone acting on his behalf to have treated Plaintiffs' 2015 re-validation of their Medicare enrollment as a new initial Medicare enrollment and setting an August 31, 2015 effective date as the result of said treatment;

COMPLAINT FOR RELIEF UNDER THE MEDICARE ACT; REQUEST FOR TRIAL BY JURY

3.     For an Order remanding this matter to the Administrator with instructions to process Plaintiffs' Medicare re-validation application with an appropriate effective date of September 1991;

4.     For an Order remanding this matter to the Administrator with instructions to recognize Plaintiffs' right to submit claims for Medicare reimbursement retroactively, regarding services provided on or after January 1, 2003, and with instructions directing the Administrator to recognize and process these claims notwithstanding any time limits, including but not limited to any exceptions set forth in 42 C.F.R. § 424.44;

5.     For costs of suit; and

6.     Such other and further relief as the Court may deem just and proper.

DATED: November 2, 2017     LAW OFFICES OF CHARLES G. SMITH, APC

By: _Charles S.G_____
    Charles G. Smith
    Attorneys for Plaintiffs Willie H. Goffney, Jr., M.D. and Advanced Surgical Associates Medical Office, Inc.

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

COMPLAINT FOR RELIEF UNDER THE MEDICARE ACT; REQUEST FOR TRIAL BY JURY

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs Willie H. Goffney, Jr., M.D. and Advanced Surgical Associates Medical Office, Inc. hereby demand a trial by jury of this matter.

DATED:  November 2, 2017          LAW OFFICES OF CHARLES G. SMITH, APC


By: _____
Charles G. Smith
Attorneys for Plaintiffs Willie H. Goffney, Jr., M.D. and Advanced Surgical Associates Medical Office, Inc.

COMPLAINT FOR RELIEF UNDER THE MEDICARE ACT; REQUEST FOR TRIAL BY JURY

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

# EXHIBIT 1



**DEPARTMENT OF HEALTH & HUMAN SERVICES**          Office of the Secretary

Departmental Appeals Board
Room G-644, Cohen Bldg.
MS 6127
330 Independence Avenue, SW
Washington, D.C. 20201

<u>Via Certified Mail – Return Receipt Requested</u>          October 11, 2017
<u>and Electronic Mail</u>

Tara R. Goffney
Attorney at Law
325 East Jimmie Leeds Road, #7-321
Galloway, New Jersey 08205

      and

Patrick D. Stewart, Assistant Regional Counsel
U.S. Dept. of Health & Human Services
Office of the General Counsel, Region IX
90 7th Street, Suite 4-500
San Francisco, California 94103-6705

              Re:     Willie Goffney, Jr., M.D.
                        DAB CR4619
                        Board Decision No. 2763
                        Dated:  January 23, 2017

## RULING ON REQUEST FOR EXTENSION OF TIME
## FOR SEEKING JUDICIAL REVIEW

Counsel:

On September 27, 2017, Willie Goffney, Jr., M.D. (Petitioner) filed a Motion for
Extension of Time to Seek Judicial Review of Board Decision 2763.  The original
deadline for commencing a civil action was March 24, 2017.  On March 20, 2017, the
Board granted a request by Petitioner to extend the deadline to May 23, 2017.  In the
interim, Petitioner filed a petition to reopen Board Decision 2763 pursuant to 42
C.F.R. § 498.100.  The Board denied the petition to reopen on September 15, 2017.

Petitioner contends that the petition to reopen had "the natural effect of staying or
extending the time period for seeking judicial review, as previously approved by the
Board."  Sept. 27, 2017 Motion at 1.  However, the regulations do not provide for an

2

automatic extension, or tolling, of the deadline for seeking judicial review based on the pendency of a petition to reopen under section 498.100.  Furthermore, there is no evidence that any employee of the Board informed Petitioner that the Board would, on its own initiative, adjust the deadline to request judicial review in the event it denied the petition to reopen.

The governing administrative appeal regulations permit the Board to extend the 60-day period for commencing a civil action based on "good cause shown" by the affected party.  42 C.F.R. § 498.95(a), (c).  In support of the pending motion, Petitioner asserts that his lawyer needs additional time in which to secure permission to appear before the United States District Court in which he intends to file a civil action.  In addition, Petitioner indicates that he consulted with CMS about his motion and that CMS informed him that it does not object to a further extension of the time for commencing a civil action.  While counsel's mistaken assumption alone does not establish good cause, we recognize that counsel came on after the case-in-chief concluded and appears to have had no prior experience with Board processes. Moreover, while a request for reopening does not automatically trigger an extension of the time to seek court review, the Board has in the past recognized that it has authority to grant such extensions when appropriate.

Under the circumstances and given that the request is unopposed, I have determined that there is good cause for extending the time for seeking judicial review of Board Decision 2763 until **November 14, 2017** (that is, until 60 days after Petitioner received notice, via DAB E-File, of the Board's denial of his petition to reopen Board Decision 2763).

Leslie A. Sussan
Presiding Board Member